FILED - USDC - FLMD - ORL
NOV 20 2026 PM1:54

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| DONY SIMPLICE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALM BAY, a Florida municipal corporation; OFFICER CAITLYNN TRENOR; OFFICER BROWN (Badge #250); OFFICER WEATHERMAN (Badge #128); OFFICER CASTRO (Badge #220); OFFICER MITCHELL (Badge #135); and CHIEF MARIANO AUGELLO, individually,<br><br>Defendants. | Case No.:<br>6:26-cv-02730-CEM-LHP<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**
(Civil Rights Action under 42 U.S.C. § 1983)

Plaintiff DONY SIMPLICE sues Defendants and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Dony Simplice is an adult resident of Palm Bay, Brevard County, Florida, and lived at 2175 Robert J. Conlan Boulevard, Apartment 310, Palm Bay, Florida 32905, at all times relevant to this Complaint.

2. Defendant City of Palm Bay (the "City") is a Florida municipal corporation. It operates the Palm Bay Police Department ("PBPD") and is responsible for PBPD's policies, training, supervision, and discipline.

3. Defendant Caitlynn Trenor was at all relevant times a sworn PBPD officer acting under color of state law and within the course of her employment.

She is sued individually.

4. Defendants Officer Brown (Badge #250), Officer Weatherman (Badge #128), Officer Castro (Badge #220), and Officer Mitchell (Badge #135) (together, the "December 15 Officers") were at all relevant times sworn PBPD officers acting under color of state law and within the course of their employment. Each is sued individually.

5. Defendant Mariano Augello has been Chief of Police of PBPD since April 21, 2022, and was responsible for training, supervising, and disciplining PBPD officers. He is sued individually.

6. This is a civil action under 42 U.S.C. §§ 1983 and 1988 for damages arising from the deprivation, under color of state law, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).

7. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and the events described below occurred in Palm Bay, Brevard County, Florida. Brevard County is in the Orlando Division.

## FACTS

### A. December 7, 2022: Arrest by Officer Trenor

8. On December 7, 2022, Plaintiff was at his apartment.

9. Officer Trenor and an unidentified undercover officer came to Plaintiff's door. They did not present an arrest warrant or a search warrant.

10. Plaintiff opened the door after Officer Trenor knocked. Officer Trenor arrested him at the threshold of his home.

11. Officer Trenor did not read Plaintiff his Miranda rights at the time of the arrest.

12. On information and belief, no body-worn camera recording of the encounter exists.

13. Plaintiff was transported, booked, and held overnight. He was released on December 8, 2022, without bond.

14. Plaintiff was charged with grand theft under Fla. Stat. § 812.014(2)(c)1. The case ended in a withheld adjudication.

15. Officer Trenor did not have probable cause to believe that Plaintiff committed grand theft.

**B. December 15, 2022: Arrest by Four Officers and 33 Days in Custody**

16. On December 15, 2022, eight days after the first arrest, the December 15 Officers were at or near Plaintiff's apartment building.

17. Plaintiff walked out of his apartment into the building's common area. The December 15 Officers immediately seized and arrested him, without an arrest warrant and without reading him his Miranda rights.

18. The December 15 Officers charged Plaintiff with four offenses: (a) burglary of an unoccupied dwelling, unarmed, Fla. Stat. § 810.02(3)(b); (b) breach of the peace/disorderly conduct, Fla. Stat. § 877.03; (c) criminal mischief over $1,000, Fla. Stat. § 806.13(1)(b)3; and (d) grand theft, Fla. Stat. § 812.014(2)(c)1.

19. Plaintiff was held in custody for 33 consecutive days after the arrest.

20. The State Attorney for the Eighteenth Judicial Circuit did not file an information on any of the four charges. The charges were dropped, and no conviction was entered.

21. The December 15 Officers did not have probable cause to believe that Plaintiff committed any of the four charged offenses.

22. Each officer knew or should have known that probable cause was lacking, and charged Plaintiff anyway.

**C. Pattern and Municipal Policy**

23. Plaintiff was arrested twice in eight days at the same address by different groups of PBPD officers, each time without a warrant, without Miranda warnings, and without probable cause. The second arrest involved four officers instead of one. Plaintiff alleges these facts show that the arrests were coordinated and not isolated mistakes. The absence of Miranda warnings is pleaded as a fact bearing on the lawfulness of the officers' conduct and the City's training, not as a stand-alone claim. See Vega v. Tekoh, 597 U.S. 134 (2022).

24. Plaintiff complained to PBPD about these arrests. PBPD closed the matter as unfounded without a meaningful investigation.

25. Chief Augello was the final policymaker for PBPD and was responsible for training, supervising, and disciplining its officers. PBPD leadership approved the officers' conduct by closing the complaint about these arrests without a meaningful investigation.

**D. Damages**

26. As a result of Defendants' conduct, Plaintiff suffered: 33 days of lost liberty after the December 15 arrest; overnight detention after the December 7 arrest; loss of income; emotional distress, anxiety, and humiliation; and harm to his reputation from two public arrests and criminal charges that did not result in conviction.

**COUNT I: 42 U.S.C. § 1983, UNLAWFUL ARREST (DECEMBER 7, 2022)**
**Against Defendant Trenor**

27. Plaintiff realleges paragraphs 1 through 26.

28. Officer Trenor, acting under color of state law, arrested Plaintiff without probable cause, in violation of the Fourth and Fourteenth Amendments.

29. In the alternative, if Officer Trenor entered Plaintiff's home or compelled him out of it to arrest him without a warrant, consent, or exigent circumstances, the arrest also violated Payton v. New York, 445 U.S. 573 (1980).

30. The right to be free from arrest without probable cause was clearly established in December 2022.

31. Plaintiff was damaged as described above. Plaintiff seeks compensatory and punitive damages.

## COUNT II: 42 U.S.C. § 1983, UNLAWFUL ARREST (DECEMBER 15, 2022)
## Against the December 15 Officers

32. Plaintiff realleges paragraphs 1 through 26.

33. The December 15 Officers, acting under color of state law, arrested Plaintiff without probable cause, in violation of the Fourth and Fourteenth Amendments.

34. The right to be free from arrest without probable cause was clearly established in December 2022.

35. Plaintiff was damaged as described above. Plaintiff seeks compensatory and punitive damages.

## COUNT III: 42 U.S.C. § 1983, UNLAWFUL PRETRIAL DETENTION AND MALICIOUS PROSECUTION (FOURTH AMENDMENT)
## Against the December 15 Officers

36. Plaintiff realleges paragraphs 1 through 26.

37. The December 15 Officers caused criminal charges to be brought against Plaintiff, and caused him to be held for 33 days, without probable cause.

See Manuel v. City of Joliet, 580 U.S. 357 (2017).

38. The prosecution ended without a conviction. See Thompson v. Clark, 596 U.S. 36 (2022).

39. Plaintiff was damaged as described above. Plaintiff seeks compensatory and punitive damages.

## COUNT IV: CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1983)

### Against Trenor and the December 15 Officers

40. Plaintiff realleges paragraphs 1 through 26.

41. Defendants reached an understanding to arrest Plaintiff without probable cause and to bring charges against him, and acted on it by making the arrests of December 7 and December 15, 2022.

42. Plaintiff was damaged as described above.

## COUNT V: 42 U.S.C. § 1983, MUNICIPAL LIABILITY (MONELL)

### Against the City of Palm Bay

43. Plaintiff realleges paragraphs 1 through 26.

44. The City is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), because a City policy, custom, or failure to train or supervise was the moving force behind the violations. Plaintiff alleges that the City failed to train its officers on the probable-cause requirement and Miranda, failed to supervise officers who twice arrested the same person within eight days, and, through its final policymakers, approved the officers' conduct by closing complaints without a meaningful investigation. See City of Canton v. Harris, 489 U.S. 378 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).

45. Plaintiff was damaged as described above. Plaintiff does not seek punitive damages from the City.

## COUNT VI: 42 U.S.C. § 1983, SUPERVISORY LIABILITY
## Against Defendant Augello, individually

46. Plaintiff realleges paragraphs 1 through 26.

47. Chief Augello is liable because of his own personal involvement or because a causal connection links his actions or inaction to the violations alleged, including approving the officers' conduct and failing to train, supervise, or discipline them as described above.

48. Plaintiff was damaged as described above.

## PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment for Plaintiff and against Defendants and to award:

a. compensatory damages against all Defendants on all counts;

b. punitive damages against the individual Defendants on the § 1983 counts;

c. costs under 42 U.S.C. § 1988, and pre- and post-judgment interest as allowed by law; and

d. any other relief the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dony Simplice

DONY SIMPLICE, Plaintiff, Pro Se
2175 Robert J. Conlan Boulevard, Apt. 310
Palm Bay, Florida 32905
(321) 498-1717
donzz@myyahoo.com

Date: 11/12/26